IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT EVERETT<br>Plaintiff, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 4:23-CV-485-P |
| STATE FARM LLOYDS,<br>Defendant. | §<br>§<br>§ | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING MOTIONS FOR SUMMARY JUDGMENT

Pending before the Court are Defendant's Motion for Partial Summary Judgment [doc. 18], filed November 13, 2023, and Plaintiff's Amended Motion for Partial Summary Judgment [doc. 24], filed November 14, 2023. Having carefully considered the motions, responses, and reply, the Court **RECOMMENDS** that Defendant's Motion for Partial Summary Judgment should be **GRANTED** and Plaintiff's Amended Motion for Partial Summary Judgment should be **DENIED**.

### I.   BACKGROUND

Plaintiff Robert Everett ("Everett") filed suit against State Farm Lloyds asserting claims for breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act ("DTPA"), common law fraud, and noncompliance with Texas Insurance Code sections 541.060 (unfair settlement practices) and 542.058 (the prompt payment of claim). (*See generally*, Plaintiff's First Amended Complaint). Everett alleges that State Farm Lloyds "improperly underpaid [his] claim for coverage of property damage stemming from an August 1, 2021, hailstorm." (Plaintiff's Brief in Support of Amended Motion for Summary Judgment ("Pl.'s Br.") at 1).

1

## II. LEGAL STANDARD

The moving party is entitled to summary judgment as a matter of law when the pleadings and evidence before the court show that no genuine issue exists as to any material fact. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To determine whether there are any genuine issues of material fact, the Court must first consult the applicable substantive law to ascertain what factual issues are material. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.3d 167, 178 (5th Cir. 1990). Disposing of a case through summary judgment serves to reinforce the purpose of the Federal Rules of Civil Procedure, "to achieve the just, speedy, and inexpensive determination of actions, and when appropriate, affords a merciful end to litigation that would otherwise be lengthy and expensive." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1197 (5th Cir. 1986) (footnote omitted).

All of the evidence must be viewed in the light most favorable to the nonmovant, but the movant may not satisfy his or her summary judgment burden with either conclusory allegations or unsubstantiated assertions. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citations omitted); *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (citations omitted). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (citation omitted). A fact is "material" if it "might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. Although the Court is required to consider only the cited materials, it may consider other materials in the record. *See* Fed. R. Civ. P. 56(c)(3). Nevertheless, Federal Rule of Civil Procedure ("Rule") 56 "does not impose on the district court a duty to sift through the record in search of evidence to support a party's

opposition to summary judgment." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 n.7 (5th Cir. 1992). Parties should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). "The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists." *Id.*

### III.  ANALYSIS

#### A. <u>Defendant's Motion for Partial Summary Judgment</u>

In its Motion for Partial Summary Judgment, State Farm Lloyds argues that the Court should grant summary judgment, in its favor, on all of Everett's "extra-contractual causes of action." (Defendant's Brief in Support of Its Motion for Partial Summary Judgment ("Def.'s Br.") at 1). State Farm Lloyds asserts that there is no issue of material fact on at least one essential element of each of Everett's non-contractual claims. (Def.'s Br. at 4–9). The Court will address each in turn.

#### 1. Common Law Bad Faith and Fair Dealing Claim

First, State Farm Lloyds argues that it is entitled to summary judgment on Everett's common law bad faith and fair dealing claim ("common law bad faith claim") because Everett has presented no evidence that it lacked a reasonable basis to deny his claim. (Def.'s Br. at 4–6). In essence, State Farm Lloyds asserts that Everett has failed to show that it did not have any

reasonable basis to deny his claim under the Policy, and this is nothing more than a bona-fide coverage dispute regarding what caused the damage.

Under Texas law, a plaintiff must prove the following elements to succeed on his common law bad faith claim in a denial of policy benefits context: (1) a defendant committed an independent tort in the handling of the claim; (2) the defendant had no reasonable basis to deny the claim; and (3) the complained-of acts or omissions caused injury independent of those that would have resulted from the wrongful denial of policy benefits. *See Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997). The focus of a bad-faith inquiry is on the reasonableness of the insurer's conduct in rejecting or delaying payment of the claim. *Giles*, 950 S.W.2d at 49. And this is determined by viewing the facts available to the insurer at the time of the claim's denial. *See Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990). However, if the insurer had *any reasonable basis* for denying coverage, then a claim of bad faith on the insurer's part will fail. *Weiser-Brown Operating Co. v. St. Paul Surplus Lines Ins. Co.*, 801 F.3d 512, 525 (5th Cir. 2015). A bona-fide dispute amongst expert witnesses alone is not evidence that an insurer acted in bad faith. *See Thompson v. Zurich Am. Ins. Co.*, 664 F.3d 62, 67 (5th Cir. 2011).

Everett's common law bad faith claim—as well as his other fraud and misrepresentation claims—rests on his assertion that State Farm Lloyds intentionally misrepresented that his claim had been partially denied because of previous damage to his roof caused by animals. (*See* Plaintiff's Response ("Pl.'s Resp.") at 5–13). The relevant section of the letter provides:

> Enclosed is our payment of $1,009.52 in payment of your above referenced claim. I have also enclosed a copy of the building estimate for your reference.
>
> Furthermore, we observed additional damage not caused by wind and hail. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy:

4

## SECTION I – LOSSES NOT INSURED

1. We will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

   g. wear, tear, decay, marring, scratching, deterioration, inherent vice, latent defect, or mechanical breakdown;

   h. corrosion, electrolysis, or rust;

   i. wet or dry rot;

   k. settling, cracking, shrinking, bulging, or expansion of pavements, patios, foundations (including slabs, basement walls, crawl space walls, and footings), walls, floors, roofs, or ceilings;

   l. all animals, birds, or insects.

   (1) This includes:

   (a) nesting, infestation, gnawing, feeding, breeding, or discharge or release of waste products or secretions by animals, birds, or insects;

   (b) costs to remove animals, birds, or insects from the covered property; and

   (c) costs to prevent the animals, birds, or insects from returning to the property;

   (2) However, we will pay for:

   (a) losses caused by wild bears or deer; and

   (b) the breakage of glass or safety glazing material that is a part of a building structure, when caused by animals, birds, or insects; or

   m. pressure from or presence of tree, shrub, or plant roots.

   However, we will pay for any resulting loss from items a. through l. unless the resulting loss is itself a Loss Not Insured as described in this Section.

(Defendant's Appendix ("Def.'s Ap.") at Exhibit A-4; Plaintiff's Appendix ("Pl.'s Ap.") at Exhibit B).

Everett argues that this was a misrepresentation because State Farm Lloyds communicated that they were partially denying his claim because there was damaged caused by animals and Robert Briggs ("Briggs"), the claims representative who handled the inspection of Everett's roof, stated in his deposition that he did not recall seeing any damage caused by animals. (Pl.'s Resp. at 6). Everett asserts that State Farm Lloyds cannot simply insulate itself by investigating a claim "'in a manner calculated to construct a pretextual basis for denial,'" and that its misrepresentation regarding the damage caused by animals cannot satisfy a reasonable basis for denial. (Pl.'s Resp at 5–6 (quoting *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998)).

While the Court is skeptical of Everett's interpretation of the letter, even assuming without deciding that State Farm Lloyds made a misrepresentation, Everett has failed to show that there was no reasonable basis for the partial denial of his claim. Everett does not dispute that State Farm Lloyds hired someone to inspect his roof and paid for some damage to his roof. Similarly, Everett does not contest the expert reports produced by State Farm Lloyds that purport to confirm the reasonableness of the damage assessment. (*See* Def.'s Ap. at Exhibit C). In fact, Everett's own expert declined to offer any opinion regarding the reasonableness of how the claim was handled. (Def.'s Ap. at Exhibit D). However, Everett does continuously fail to acknowledge the other reasons, included in the policy provision section of the letter, that State Farm Lloyds represented could serve as the basis for the partial denial. The Court finds that Everett has not provided any evidence to establish an essential element of his bad faith and fair dealing claim because he has wholly failed to address whether any other stated reason could serve as a reasonable basis for the

partial denial of his claim. Accordingly, the Court recommends that State Farm Lloyds' motion be **GRANTED** with regard to Everett's common law bad faith and fair dealing claim.

### 2. Texas Insurance Code Section 541 and DTPA Claims

Next, State Farm Lloyds argues that it is entitled to summary judgment on Everett's Texas Insurance Code Section 541 and DTPA claims because the fate of those claims is tied to the fate of the common law bad faith and fair dealing claim. (Def.'s Br. at 7–8). Defendant correctly asserts that if a plaintiff makes statutory claims of bad faith under the Texas Insurance Code and DTPA—based on the same facts as his common-law claim—then the success or failure of the common-law claim governs the outcome of the statutory claims. *See, e.g., Johnson v. State Farm Lloyds*, No. 4:21-CV-158-Y, 2023 WL 2529561, at *2 (N.D. Tex. Feb. 7, 2023) (citing *JNH Holding, Inc. v. Nationwide Prop. & Cas. Ins. Co.*, No. 4:16-CV-0866, 2017 WL 4347683, at *4 (E.D. Tex. Sept. 29, 2017)). All of Everett's Texas Insurance Code section 541 and DTPA claims are based on the same alleged misrepresentation regarding damage caused by animals. Therefore, because State Farm Lloyds is entitled to summary judgment on Everett's breach of good faith and fair dealing claim, it is also entitled to summary judgment in its favor on all of Everett's Texas Insurance Code section 541 and DTPA claims. Accordingly, the Court recommends that State Farm Lloyds' motion be **GRANTED** with regard to all of Everett's Texas Insurance Code section 541 and DTPA claims.[1]

### 3. Common Law Fraud Claim

Next, State Farm Lloyds argues that it is entitled to summary judgment on Everett's common-law fraud claim because its post-loss statements regarding the scope and extent of

---

[1] The Court finds that, in the alternative, State Farm Lloyds is entitled to summary judgment on Everett's section 541 and DTPA claims for the same reasons stated below regarding the common law fraud claim. *See, e.g., Taboada v. State Farm Lloyds*, 2020 WL 264688, at *2 (S.D. Tex. Jan. 17, 2020) (providing that post-loss statements cannot serve as the basis for a DTPA or section 541 claim).

covered damage cannot serve as the basis for Everett's fraud claim. (Def.'s Br. at 7–8). Additionally, and in the alternative, State Farm Lloyds asserts that Everett has failed to provide evidence that he relied on any alleged misrepresentation and such reliance resulted in his alleged damages. (*Id.*) Everett, in his response, argues that: (1) State Farm Lloyds made a misrepresentation about why they were partially denying his claim; (2) State Farm Lloyds "clearly intended that Plaintiff rely on the misrepresentation;" (3) he reasonably relied on that misrepresentation; and (4) that he has not repaired his roof because of the misrepresentation. (Pl.'s Resp. at 10–11).

Under Texas law, categorically, "post-loss statements regarding coverage are not misrepresentations under the Insurance Code." *Rodriguez v. Safeco Ins. Co. of Ind.*, No. SA-18-cv-00851, 2019 WL 650437, at *5 (W.D. Tex. Jan. 7, 2019); *see, e.g., Aguilar v. State Farm Lloyds*, No. 4:15-cv-565, 2015 WL 5714654, *3 (N.D. Tex. Sept. 28, 2015); *Univ. Baptist Church of Fort Worth v. Lexington Ins. Co.*, 346 F. Supp. 3d 880, 887 n.6 (N.D. Tex. 2018), aff'd, 787 F. App'x 194 (5th Cir. 2019). The same is true for common law fraud claims. *See Johnson v. Allstate Vehicle and Prop. Ins. Co.*, H-17-1206, 2017 WL 2985646, at *7 (S.D. Tex. Jul. 13, 2017) (citing *Moore v. Whitney Vaky*, 966 S.W.2d 690, 692 (Tex. App.—San Antonio 1998, no pet.)) ("[A] policyholder's mistaken belief about the scope or availability of coverage is not generally actionable under the DTPA."); *see also Rodriguez*, 2019 WL 650437, at *5 (post-loss statements "cannot serve as the basis for fraud or misrepresentation claims because the insured did not rely on or 'take action' based on such statements to their own detriment."). Put another way, the misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage. *See, e.g., Sorokolit v. State Farm Lloyds*, No. 4:21-CV-00420-O, 2021 WL 8533892, at *5 (N.D. Tex. July 12, 2021)

8

For a misrepresentation of fact to be actionable, it must relate to coverage. "Coverage, as that word generally is used in reference to insurance contracts, refers to the aggregate or sum of the risks covered by the policy." *See U.S. Fire Ins. Co. v. Confederate Air Force*, 16 F.3d 88, 92 (5th Cir. 1994) (citing Webster's Third New International Dictionary). For example, to say that a claimant had $500,000 in coverage does not mean that a total of $500,000 would be paid to a claimant who makes a claim of any nature under the policy. For Everett's common law fraud claim to be actionable, Everett would have had to represent that State Farm Lloyds promised that he "would receive a particular kind of policy that []he did not receive" or that it "denied coverage against loss under specific circumstances that [it] previously had represented would be covered." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Because Everett has failed to make such a claim, the Court concludes that Everett has not provided evidence of any such misrepresentation about the policy or its coverage. Accordingly, the Court recommends that State Farm Lloyds' motion be **GRANTED** with regard to Everett's common law fraud claim.

### 4. Texas Insurance Code Section 542 Claims

Finally, State Farm Lloyds argues that it is entitled to summary judgment on Everett's claims under Texas Insurance Code sections 542.056, 542.058, and 542.060 because it complied with the requirements laid out therein. (Def.'s Br. at 9–10). Everett does not dispute that State Farm Lloyds satisfied all of the requirements of section 542 on paper, however, he contends—without citing to a single case—that State Farm Lloyds perceived compliance is negated by its making a misrepresentation "based on open and obvious fraud." (Pl.'s Resp. at 12–13). As discussed *supra*, assuming without deciding that State Farm Lloyds made a misrepresentation in its letter, Everett has failed to provide evidence to establish that there was no reasonable basis for

the partial denial of his claim. While Everett disputes the amount that his claim is worth based on his assertion that his claim was partially denied based on a misrepresentation, he does not dispute that State Farm Lloyds otherwise acted within the requirements of section 542. (*See* Pl.'s Resp. at 12–13). Therefore, there is no genuine dispute of material fact regarding State Farm Lloyds' compliance with section 542; only a dispute over the amount of damage covered under the policy and the rationale behind the partial denial. Accordingly, the Court recommends that State Farm Lloyds' motion be **GRANTED** with regard to Everett's Texas Insurance Code section 542 claims.

### 2. Plaintiff's Motion for Partial Summary Judgment

In his Motion for Partial Summary Judgment, Everett argues that the Court should grant summary judgment as to Defendant's liability under Texas Insurance Code sections 541.060(a)(1), 541.060(a)(3). (Plaintiff's Brief in Support of His Amended Motion for Partial Summary Judgment at 5). As discussed *supra*, State Farm Lloyds is entitled to summary judgment on Everett's claims under Texas Insurance Code section 541. Accordingly, the Court recommends that Everett's Motion be **DENIED**.

## RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Defendant's Motion for Partial Summary Judgment [doc. 18] be **GRANTED** and Plaintiff's Amended Motion for Partial Summary Judgment [doc. 24] be **DENIED**.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de*

*novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted **until January 11, 2024,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED December 28, 2023.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE