UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**ROBERT EVERETT,**

   Plaintiff,

v.                                 No. 4:23-cv-00485-P

**STATE FARM LLOYDS,**

   Defendant.

### ORDER ACCEPTING THE FINDINGS, CONCLUSIONS & RECCOMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Parties in this case both moved for summary judgment in November 2023. *See* ECF Nos. 17, 18. Plaintiff subsequently filed an amended Motion. *See* ECF No. 24. The Court referred these Motions to United States Magistrate Judge Jeffrey Cureton in December 2023. *See* ECF Nos. 23, 28. The Magistrate Judge issued findings, conclusions, and a recommendation ("FCR") on December 28, 2023. *See* ECF No. 36. Because the Parties filed objections and related briefing (ECF Nos. 37, 38), the Court reviewed the FCR, objections, and all related briefing *de novo*. Having done so, the Court hereby **ACCEPTS IN PART** the findings and conclusions of the Magistrate Judge and **ADOPTS IN PART** the FCR's recommendation. Accordingly, Defendant's Motion for Partial Summary Judgment (ECF No. 18) is **GRANTED IN PART**, while Plaintiff's Amended Motion for Partial Summary Judgment (ECF No. 24) is **DENIED**.

### BACKGROUND

Plaintiff Robert Everett sued State Farm in Tarrant County state court on March 23, 2023 for breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act ("DTPA"), common law fraud, and noncompliance with Texas Insurance Code Sections 541.060 (unfair settlement practices) and

542.058 (prompt payment of claims). State Farm removed Everett's case to this Court on May 16, 2023. Everett says State Farm underpaid his claim for property damage sustained in an August 1, 2021 hailstorm. State Farm disagrees, pointing to a litany of reasons their resolution of his claim was proper. State Farm now moves for partial summary judgment on Everett's "extra-contractual causes of action," arguing Everett fails to establish at least one element of each. Everett moves for summary judgment on his claims under TEXAS INS. CODE. ANN. §§ 541.060(a)(1), (3).

## LEGAL STANDARDS

Summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute is "genuine" if, based on the evidence, "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it would affect a case's outcome. *Id.* Generally, the "substantive law will identify which facts are material" and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.* In assessing whether summary judgment is warranted, the Court "view[s] all evidence in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Cunningham v. Circle 8 Crane Servs., LLC*, 64 F.4th 597, 600 (5th Cir. 2023).

While the Court may consider any evidence of record, it need only consider materials cited by the parties. FED. R. CIV. P. 56(c)(1)–(3); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (noting summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law"). But the Court need not mine the record for evidence supporting the nonmovant; the burden falls on the moving party to simply show a lack of evidence supporting the nonmovant's case. *See Malacara v. Garber*, 353 F.3d 393, 404–05 (5th Cir. 2003). In this regard, "[s]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to

which she has the burden of proof.'" *Edwards v. Oliver*, 31 F.4th 925, 929 (5th Cir. 2022) (quoting *Celotex*, 477 U.S. at 323).

## ANALYSIS

The FCR recounts the applicable legal frameworks for each contested extracontractual claim. *See* ECF No. 36 at 3–10. The Court adopts them in their entirety, save those relating to Mr. Everett's claims under TEX. INS. CODE. ANN. § 542. The Court addresses each in the same order as the FCR: (1) bad faith/fair dealing, (2) claims under Texas Insurance Code Section 541 and the DTPA, and (3) common law fraud. The Court then addresses Mr. Everett's arguments related to State Farm's liability under Texas Insurance Code 541.060.

   1. <u>Bad Faith/Fair Dealing Claim.</u>

Like his claims sounding in fraud/misrepresentation, Mr. Everett's common law bad faith claim "rests on his assertion that State Farm Lloyds intentionally misrepresented that his claim had been partially denied because of previous damage to his roof caused by animals." ECF No. 36 at 4 (citing Everett's response briefing). This argument relies on the deposition of claims representative Robert Briggs, who represented that "he did not recall seeing any damage caused by animals." *See id.* at 6. But to prevail on this claim, as the FCR rightly notes, Everett must establish that "the defendant had no reasonable basis to deny the claim." *See Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55–56 (Tex. 1997). His focus on that single issue misses the forest for the trees, and Everett fails to adduce evidence that a *bona fide* dispute of coverage didn't exist.

State Farm persuasively notes that Everett cannot lean on this single policy issue while ignoring other evidence establishing State Farm's handling of the claim was reasonable. *See* ECF No. 33 at 3–4. As further observed in the FCR:

> While the Court is skeptical of Everett's interpretation of the letter [from State Farm regarding coverage], even assuming without deciding that State Farm Lloyds made a misrepresentation, Everett has failed to show that there was no reasonable basis for the partial denial of his claim. Everett does not dispute that State Farm Lloyds hired someone to inspect his roof and paid for some damage to

> his roof. Similarly, Everett does not contest the expert reports produced by State Farm Lloyds that purport to confirm the reasonableness of the damage assessment. (*See* Def.'s Ap. at Exhibit C). In fact, Everett's own expert declined to offer any opinion regarding the reasonableness of how the claim was handled. (Def.'s Ap. at Exhibit D). However, Everett does continuously fail to acknowledge the other reasons, included in the policy provision section of the letter, that State Farm Lloyds represented could serve as the basis for the partial denial.

ECF No. 36 at 6. State Farm furnished ample summary judgment evidence to establish that its response was reasonable, including Mrs. Everett's own testimony. *See id.* at 6–7. Mr. Everett has not. State Farm's response comported with its obligations under the relevant policy agreement. *See id.* at 5 (Section I of Policy Agreement, "Losses Not Insured"). On this evidence, no reasonable juror "could return a verdict for [Mr. Everett]." *See Liberty Lobby*, 477 U.S. at 248. Mr. Everett did not object to this portion of the FCR. *See* ECF No. 37. Accordingly, the Court **GRANTS** summary judgment in favor of Defendant State Farm Lloyds on this claim.

    2. <u>Texas Insurance Code Section 541 & DTPA Claims.</u>

Mr. Everett's claims under TEX. INS. CODE ANN. § 541.060 relate to unfair settlement practices and are tethered more broadly to his claims under the DTPA. As noted in the FCR and well-established in case law, "if a plaintiff makes statutory claims of bad faith under the Texas Insurance Code and DTPA—based on the same facts as his common-law claim—then the success or failure of the common-law claim governs the outcome of the statutory claims." ECF No. 36 at 7 (collecting cases). Mr. Everett's common-law claims fail as noted above for reasons meticulously analyzed in the FCR. Because this claim lives or dies with Everett's debunked common-law bad faith/fair dealing claim, only a patently unreasonable juror could return a verdict in favor of Mr. Everett. *See Liberty Lobby*, 477 U.S. at 248. Mr. Everett doesn't object to this portion of the FCR. *See* ECF No. 37. Accordingly, the Court **GRANTS** summary judgment in favor of Defendant State Farm Lloyds on this claim.

### 3. Common Law Fraud Claim.

State Farm advances two theories against Mr. Everett's fraud claim. *See* ECF No. 19. *First*, State Farm argues Everett "failed to provide evidence that he relied on any alleged misrepresentation and such reliance resulted in his alleged damages." ECF No. 36 at 8. *Second*, State Farm argues "post-loss statements regarding the scope and extent of covered damage cannot serve as a basis for Everett's fraud claim." *Id.* The Court rejects the first argument but accepts the second.

Its awful tough to get summary judgment based on the "reliance" prong of a cause of action in the "fraudulent inducement" species. *See generally Haase v. Glazner*, 62 S.W.3d 795, 798–800 (Tex. 2001) (explicating Texas law on this element). The Court understands why State Farm would make this argument, as "[s]ummary judgment is appropriate when 'the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.'" *Edwards*, 31 F.4th at 929 (quoting *Celotex*, 477 U.S. at 323). All else equal, State Farm's evidence is stronger. For example, its hard for Mr. Everett to prevail on this claim when Mrs. Everett "testified at her deposition that she was unaware of any misrepresentations by a State Farm representative." ECF No. 33 at 3. That would ordinarily sink Everett's ship, as it undercuts "an essential element of [his] case with respect to which [he] has the burden of proof." *Celotex*, 477 U.S. at 323. But the Court must make "all reasonable inferences in [Everett's] favor." *Cunningham*, 64 F.4th at 600. While it may not be reasonable to infer in Mr. Everett's favor against his wife's sworn testimony, the Court nevertheless **DENIES** State Farm's Motion under this theory because its second theory is beyond dispute.

At base, State Farm's first argument is that post-loss statements aren't actionable as a basis for fraud claims or other claims related to improper misrepresentations. *See* ECF No. 36 at 8–9 (analyzing State Farm's argument and relevant case law). The FCR points to numerous Texas cases establishing this categorical rule as applied to fraud claims. *See id.* at 8. The Court endorses the FCR's reasoning on this point and declines to address such clearly established law further. Mr. Everett does not object to the FCR on this point. *See* ECF No. 37. Accordingly,

5

the Court **GRANTS** summary judgment in favor of Defendant State Farm Lloyds on this claim.

   4. Claims Under Tex. Ins. Code Ann. § 542.

Next Mr. Everett brings claims under the Texas Prompt Payment of Claims Act ("TPPCA"). *See generally* Tex. Ins. Code. Ann. § 542.058. The FCR's analysis is simple here: "Everett does not dispute that State Farm Lloyds satisfied all of the requirements of section 542 on paper, however, he contends—without citing to a single case—that State Farm Lloyds' perceived compliance is negated by its making a misrepresentation 'based on open and obvious fraud.'" ECF No. 36 at 9. To say nothing of their legal merit, these naked assertions have no basis in the summary judgment record. This isn't the pleadings stage, its summary judgment. That means the parties have to show their cards; the Court isn't at liberty to entertain factual assertions if evidence isn't on the table. *See Celotex*, 477 U.S. at 322.

State Farm presented *evidence* of compliance with all applicable requirements. *See id.* To counter this, Mr. Everett relies on an incorrect legal assumption and conclusory factual allegations. It's pretty audacious to call unproven allegations of fraud "open and obvious" and it typically helps to attach evidence if one does make such a statement. The Court finds none in the record here and further notes that, even if it did, Mr. Everett cites no legal authority that this negates State Farm's compliance with Tex. Ins. Code. Ann. § 542.058. All else equal, this means State Farm should prevail on its Motion. But as explained below, all else isn't equal.

In his objection briefing, Mr. Everett says the FCR got it wrong in granting summary judgment for State Farm on his claims under Tex. Ins. Code Ann. § 542. *See* ECF No. 37. State Farm rightly responds that this is a new argument not pleaded before the Magistrate Judge. *See* ECF No 38. Accordingly, the Court is not obliged to consider it, as "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Bexar*, 142 F.3d 848, 850 (5th Cir. 1998); *see also Cupit v. Whiteley*, 28 F.3d 532, 535 (5th Cir. 1994) (holding same). But the Court

6

has discretion to entertain untimely arguments and assess their merit. *See id.* Because the FCR disposes some of Everett's claims, the Court finds it would miscarry justice to accept the FCR without giving due consideration to arguments in Mr. Everett's objection. Having considered his argument, the Court must **DENY** State Farm's Motion for Partial Summary Judgment on this point.

While everything the FCR said was true, "nothing in the TPPCA would excuse an insurer from liability for TPPCA damages if it was liable under the terms of the policy but delayed payment beyond the applicable statutory deadline." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 819 (Tex. 2019). That means Mr. Everett's TPPCA claim lives or dies with an ultimate finding of liability under the relevant policy—a finding reserved for the trier of fact. State Farm clearly understands as much, as their only response is that the Court shouldn't entertain "new arguments" in Everett's objection. *See* ECF No. 38. While that's true, the Court has discretion to do so and isn't inclined to exercise its discretion by ignoring good legal arguments—especially for claim-dispositive matters. Accordingly, despite glaring deficiencies in Everett's briefing on this point, the Court must **DENY** summary judgment in favor of Defendant State Farm Lloyds on this claim.

5. <u>Everett's Amended Motion for Partial Summary Judgment.</u>

Mr. Everett filed an Amended Motion for Partial Summary Judgment on November 14, 2023. *See* ECF No. 24. The Amended Motion seeks summary judgment as to Defendant's liability under TEX. INS. CODE. ANN. §§ 541.060(a)(1), (3). As discussed above, summary judgment is warranted for State Farm on Everett's Section 541 claims, so the Court must **DENY** Mr. Everett's Amended Motion for Partial Summary Judgment. ECF No. 24.

\*          \*          \*

For the reasons outlined in the FCR and discussed above, the Court finds Defendant's Motion for Partial Summary Judgment (ECF No. 18) should be and hereby is **GRANTED** for Mr. Everett's bad faith/fair dealing claims, his common law fraud claim, and his claims under TEX. INS. CODE ANN. § 541.060 and the TDTPA, but the Motion is **DENIED**

7

for Everett's claims under TEX. INS. CODE ANN. § 542. The Court further **DENIES** Everett's Amended Motion for Partial Summary Judgment. ECF No. 24. Accordingly, Everett's contract claims arising under the contested policy, and his corresponding claims under the TPPCA, live to fight another day.

**SO ORDERED** on this **1st day** of **February 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE